IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| LONNIE WILLIAMS,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| VALLEY FORGE INSURANCE<br>COMPANY, RHONDA COLE,<br>ADRIANO BISANI and<br>INSUREZONE.COM OF TEXAS,<br>INC.<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>JURY REQUESTED |

## DEFENDANTS' VALLEY FORGE INSURANCE COMPANY'S AND RHONDA COLE'S NOTICE OF REMOVAL

1. Defendants' Valley Forge Insurance Company ("Valley Forge") and Rhonda Cole ("Ms. Cole"), file this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446 as follows:

### PROCEDURAL BACKGROUND

2. On January 12, 2015, Plaintiff Lonnie Williams ("Plaintiff") filed his Original Petition and initiated an action identifying Valley Forge and Ms. Cole as Defendants in the 48th Judicial District of Tarrant County, Texas (the "State Court Action").[1]

3. On January 13, 2015, Valley Forge was served with a copy of a Citation and Plaintiff's Original Petition alleging that Valley Forge breached the insurance agreement, violated Texas Insurance Code §§541 and 542 and violated the Texas Deceptive Trade Practices Act.[2] Thereafter, Ms. Cole was served with a copy of a Citation and Plaintiff's Original Petition on January 16, 2015, alleging that Ms. Cole violated the Texas Insurance Code

---

[1] See attached hereto at Appendix 000002-0050.
[2] *Id.*

§§541 and 542 and Texas Deceptive Trade Practices Act.[3] Insurezone.com of Texas, Inc. ("Insurezone") has been served with a Citation and copy of Plaintiff's Original Petition, however, Adriano Bisani ("Bisani") has not been served.

4. Valley Forge and Ms. Cole filed their Original Answer, Special Exceptions, Affirmative Defenses, and Jury Demand on February 9, 2015.[4]

5. After receiving Plaintiff's Original Petition, Valley Forge and Ms. Cole timely filed this Notice of Removal in the State Court Action on February 11, 2015. Further, the Original Petition serving as a basis for this removal was received by Valley Forge and Ms. Cole on January 13th and 16th respectively; therefore, Valley Forge and Ms. Cole have removed the lawsuit within the thirty day guidelines of the removal statute.[5]

6. The undersigned has conferred with Insurezone and Bisani concerning this removal action and both parties consent to this filing.

## NATURE OF SUIT

7. Plaintiff's Original Petition alleges no specific facts other than Plaintiff is a named insured under a Valley Forge insurance policy and suffered a covered loss for various property, including camera and computer equipment.[6] After Valley Forge and Ms. Cole conducted an extensive investigation to determine the facts surrounding this purported loss, Plaintiff alleges that Valley Forge and Ms. Cole conducted an unreasonable investigation and wrongfully delayed payment of his claim.

---

[3] *Id.*
[4] See attached hereto at Appendix 000055-0064.
[5] 28 U.S.C. §1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is or has become removable.")
[6] *Id.* at Appendix 000002-0050.

8. Based upon these minimal facts, one can only surmise that Plaintiff's chief complaint is that his insurance claim was denied. However, Plaintiff alleges in his Original Petition multiple violations of the Texas Insurance Code, DTPA and negligent procurement without specifying any facts to support these allegations. As such, Plaintiff's petition alleges numerous misrepresentations and deceptive acts by Valley Forge, Ms. Cole, Bisani and Insurezone, but fails to allege what those statements and/or acts were and how Plaintiff was misled to believe they were true.

## BASIS FOR REMOVAL

9. This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Valley Forge and Ms. Cole, pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Plaintiff was at the time this civil action commenced and currently is a citizen of the state of Texas.[7]

11. Valley Forge was at the time this civil action commenced, and still is, a Pennsylvania corporation with its principal place of business in Chicago, Illinois, making it a citizen of the states of Pennsylvania and Illinois for diversity purposes. Ms. Cole was at the time this civil action commenced, and still is, a citizen of Colorado, making her a citizen of the state of Colorado for diversity purposes.

12. Plaintiff's Original Petition named Insurezone and Bisani as Defendants, but it failed to assert any actionable facts. Plaintiff's petition fails to specify, explain or quantify any particular bad acts or omissions allegedly committed by Insurezone and Bisani. In fact,

---

[7] *Id.*

Plaintiff merely pleaded three sentences to support his claim for negligent procurement, which are vague and barely reference Insurezone and Bisani:

> **"Williams requested Bisani to obtain first party property coverage for his property, including camera and computer equipment, from a reputable insurer who has a history of treating its insureds fairly and promptly, including claims handling procedures.**
>
> **Instead of securing an insurer that Williams requested, Bisani and Insurezone bound coverage with Valley Forge, who engages in, and for Willams' claim, engaged in a pre-textual investigation, delay tactics, and refused to pay Williams covered claim.**
>
> **Basani (sic) and Insurezone's negligence caused Williams damages."**[8]

13. No meaningful facts have been provided outside of the aforementioned conclusory statements. Plaintiff's petition is void of any affirmative act to illustrate to the Court that negligent procurement is a viable cause of action against Insurezone and Bisani.

14. The Fifth Circuit has ruled that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice..."[9] A state court petition that alleges recognized causes of action, but fails to also allege facts giving notice of how the defendant's conduct gives rise to the asserted liability lacks the required specificity to raise a right of claimed relief above a speculative level.[10]

15. Furthermore, Plaintiff alleges, by merely reciting provisions under the Texas Insurance Code and Texas Deceptive Trade Practices Act that Insurezone and Bisani misrepresented the coverage and benefits of the Valley Forge policy. Plaintiff does not, however, plead any additional facts to notify the parties of Insurezone and Bisani's unreasonable and deceptive conduct. The Supreme Court in *Bell Atl. Corp. v. Twombly*,

---

[8] *Id.* at Appendix 000002-0050.
[9] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[10] *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

ruled that adequate pleadings *"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."*[11]

16. After Plaintiff's recitation of the Texas Insurance Code and Texas Deceptive Trade Practices Act, he concludes by stating:

   > **"These acts committed by Defendants were relied upon by Williams to his detriment and were the producing cause of Williams' damages...Defendants knowingly and/or intentionally violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act."**[12]

   Once again, Plaintiff produces no facts to demonstrate to the Court that Insurezone and Bisani committed any actionable acts against him. If Plaintiff has a viable claim against Insurezone and Bisani, at the very least, he should be able to articulate the specific conduct in question in order to support his causes of action.

17. The facts of *Griggs v. State Farm Lloyds,* are similar to the present case. In *Griggs*, the non-diverse agent was named as a Defendant, although the Plaintiff's petition did not specify any actionable conduct against her. The Court ruled that generic allegations are insufficient to state a potential right to relief against the agent.[13] Additionally, the Court stated that whether the Plaintiff has made a valid state law cause of action depends upon and is tied to the factual fit between the Plaintiff's allegations and the pleaded theory of recovery.[14] Ultimately, the Court determined that Plaintiff's pleadings standing alone did not set forth any actionable claims against the agent.[15]

18. Applying the relevant law in *Griggs* to this case, Plaintiff has failed to tie the limited facts pleaded in his petition concerning Insurezone and Bisani to his causes of action for

---

[11] *Id.*
[12] *See* Appendix 000002-0050.
[13] *Griggs v. State Farm Lloyds,* 181 F.3d 694 (5th Cir. 1999).
[14] *Id.* at *Griggs* citing *Burden v. General Dynamics Corp.,* 60 F.3d at 218-221(5th Cir. 1995).
[15] *Id.* at *Griggs*.

negligent procurement and violations of §541 of the Texas Insurance Code and Texas Deceptive Trade Practices Act. Thus, although Insurezone and Bisani are Texas citizens, Plaintiff's generic allegations against them are on their face, legally insufficient. As such, Plaintiff has improperly joined Insurezone and Bisani in a clear attempt to defeat diversity of citizenship.

19. "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[16] Since there is no reasonable basis for this Honorable Court to predict that Plaintiff may be able to recover against Insurezone and Bisani, their presence should be disregarded in determining diversity jurisdiction and both should be dismissed.

20. Because Plaintiff is a citizen of Texas; Valley Forge is a citizen of Pennsylvania and Illinois; Ms. Cole is a citizen of Colorado, and Defendants Insurezone and Bisani are improperly joined, complete diversity of citizenship exist among the parties.

21. Furthermore, Plaintiff's Original Petition is silent as to the specific amount he seeks in damages; however, his petition concedes that the amount in controversy exceeds $1,000,000. Plaintiff seeks actual damages for the loss of his camera and computer equipment, attorney's fees, court costs and statutory penalties under the Texas Insurance Code. Plaintiff further alleges that Defendants acts were committed intentionally and/or knowingly and thus, he is entitled to trebled damages. Considering the nature of Plaintiff's alleged damages this action easily exceeds $75,000, exclusive of interest and costs.[17]

---

[16] *Salazar v. Allstate Tex. Lloyd's, Inc.* 455 F.3d 571, 574 (5th Cir. 2006).
[17] *See* Appendix 000002-0050.

22. Since the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and removal is timely and proper.

23. Pursuant to 28 U.S.C. §1446(a), Valley Forge and Ms. Cole have filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders, and the docket sheet in the State Court Action as identified in the Index of Matters Being Filed.[18]

24. Pursuant to 28 U.S.C. §1446(d), Valley Forge and Ms. Cole will notify the clerk of court in the State Court Action of this removal, and will give notice thereof to all adverse parties.

## CONCLUSION

25. The basis for this removal and this Court's jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Texas. Valley Forge is a citizen of Pennsylvania and Illinois and Ms. Cole is a citizen of Colorado. The amount in controversy, based on the allegations in Plaintiff's Original Petition exceeds $75,000, exclusive of interest and costs. Therefore, this removal action is proper. On these grounds, Valley Forge and Ms. Cole hereby remove the referenced State Court Action to this Honorable Court.

---

[18] See attached hereto as Exhibit A- Index of Matters of Being Filed.

                    Respectfully submitted,

By:   */s/ Christopher W. Martin*
Christopher W. Martin
State Bar No. 13057620
Federal I.D. No. 13515
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
Telephone: (214) 420-5500
Facsimile: (214) 420-5501
**ATTORNEY-IN-CHARGE FOR VALLEY FORGE INSURANCE COMPANY AND RHONDA COLE**

OF COUNSEL:

Jennifer K. Kenchel
Texas Bar No. 24026563
COLLIAU CARLUCCIO KEENER MORROW PETERSON & PARSONS
700 N. Pearl Street
Suite 450
Dallas, Texas 75201
(214) 220-5717 – Telephone
(214) 220-5902 – Facsimile
E-mail: Jennifer.Kenchel@cna.com

Nichole Wooten
State Bar No. 24070880
Federal I.D. 1447792
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
E-mail: wooten@mdjwlaw.com

**ATTORNEYS FOR VALLEY FORGE INSURANCE COMPANY AND RHONDA COLE**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Texas Rules of Civil Procedure on this 11th day of February 2015:

**_Via Facsimile: (214) 219-4218_**
Mark A. Ticer
mticer@ticerlaw.com
Jennifer W. Johnson
jjohnson@ticerlaw.com
4144 N. Central Expressway
Suite 1255
Dallas, Texas 75204

*Attorneys for Plaintiff*


John Pergande, CEO
InsureZone.com of Texas, Inc.
1612 Summit Ave, Suite 100
Fort Worth, TX 76102
(817)704-2240
jp@insurezone.com

*Representative for InsureZone.com of Texas, Inc.*

                                        /s/*Christopher W. Martin*
                                        Christopher W. Martin